No. 25-20006

# In the United States Court of Appeals for the Fifth Circuit

---

Dorothy Ackerman; Mary Ackerman; Sylbestre Aburto; Hunter Brian Adams; Claude Bartholomew Adams, et al.,

*Plaintiffs-Appellants,*

— v. —

Arkema Incorporated,

*Defendant-Appellee.*

---

Manuel Cruz; Gabriela Cruz,

*Plaintiffs-Appellants,*

— v. —

Arkema Incorporated,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the Southern District of Texas, Nos. 4:24-cv-1588 & 4:24-cv-1589 Hon. Andrew S. Hanen

---

## BRIEF OF APPELLEE

---

Thomas E. Birsic
Jackie S. Celender
Wesley A. Prichard
  *K&L Gates LLP*
  *K&L Gates Center*
  *210 Sixth Avenue*
  *Pittsburgh, PA 15222*
  *(412) 355-6258*

Michael L. Brem
  *Schirrmeister Diaz-Arrastia*
  *Brem LLP*
  *711 Louisiana St., Suite 1750*
  *Pennzoil Place – South Tower*
  *Houston, TX 77002*
  *(713) 221-2500*

*Counsel for Defendant-Appellee Arkema Inc.*

## CERTIFICATE OF INTERESTED PERSONS

*Ackerman, et al. v. Arkema Inc.*; *Cruz, et al. v. Arkema Inc.*, No. 25-20006

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of the Court may evaluate possible disqualification or recusal.

The sole corporate party to this case, Arkema Inc., is a wholly owned subsidiary of Arkema Delaware Inc., which is a wholly owned subsidiary of Arkema Participations. There are no publicly held companies that own 10% or more of the stock of Arkema Inc. However, Arkema Inc. is indirectly owned by Arkema S.A., a French public company.

## <u>Plaintiffs-Appellants</u>

Manuel Cruz;

Gabriela Cruz; and

793 individuals identified at ROA.277–96 who were Plaintiffs in *Ackerman, et al.*, Case No. 4:24-cv-1588.

**Counsel for Plaintiffs-Appellants**

Dennis D. Spurling
    DENNIS SPURLING, P.L.L.C.
    J.P. Morgan Chase Building
    3003 S. Loop West, Suite 400
    Houston, Texas 77054
    (713) 229-0770

Kevin W. Thompson
David R. Barney, Jr.
    THOMPSON BARNEY LAW FIRM
    2030 Kanawha Boulevard, East
    Charleston, West Virginia 25311
    (304) 343-4401

P. Rodney Jackson
    LAW OFFICES OF P. RODNEY JACKSON
    401 Fifth-Third Center
    700 Virginia Street, East
    Charleston, West Virginia 25301
    (843) 780-6879

**Defendant-Appellee**

Arkema Inc.

**<u>Counsel for Defendant-Appellee</u>**

Thomas E. Birsic
Jackie S. Celender
Wesley A. Prichard
   K&L GATES LLP
   K&L Gates Center
   210 Sixth Avenue
   Pittsburgh, PA 15222
   (412) 355-6258

Michael L. Brem
   SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP
   711 Louisiana St., Suite 1750
   Pennzoil Place – South Tower
   Houston, TX 77002
   (713) 221-2500


Date: April 2, 2025                    /s/ *Thomas E. Birsic*

## STATEMENT REGARDING ORAL ARGUMENT

Arkema Inc. ("Arkema") respectfully submits that oral argument is not necessary because the district court's detailed decision reflects a straightforward application of binding Fifth Circuit precedent.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................i

STATEMENT REGARDING ORAL ARGUMENT .................................iv

TABLE OF CONTENTS .............................................................. v

TABLE OF AUTHORITIES....................................................... vi

JURISDICTIONAL STATEMENT .............................................1

ISSUE PRESENTED FOR REVIEW ......................................1

STANDARD OF REVIEW........................................................2

STATEMENT OF THE CASE ...............................................2

SUMMARY OF ARGUMENT ................................................3

ARGUMENT ..........................................................................4

I.   The Court should affirm the district court because a federal
     class action cannot toll a Texas statute of limitations. ...................4

CONCLUSION ......................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Pipe & Constr. Co. v. Utah,*
  414 U.S. 538 (1974) ........................................................................ 5, 10

*Bell v. Showa Denko K.K.,*
  899 S.W.2d 749 (Tex. App. – Amarillo 1995, writ denied) ....... 6, 7, 8, 9

*In re BP plc Secs. Litig.,*
  51 F. Supp. 3d 693 (S.D. Tex. 2014) ....................................................7

*In re Enron Corp. Secs.,*
  465 F. Supp. 2d 687 (S.D. Tex. 2006) ...................................................7

*Ford v. Cimarron Ins. Co.,*
  230 F.3d 828 (5th Cir. 2000) ............................................................. 3, 8

*Grant v. Austin Bridge Constr. Co.,*
  725 S.W.2d 366 (Tex. App. – Hou. [14th Dist.] 1987, no
  writ) ................................................................................................. 8, 9

*Gregory v. Allstate Ins. Co.,*
  No. 15-113, 2016 WL 4617404 (S.D. Tex. Sept. 2, 2016) .....................7

*Hensgens v. Deere & Co.,*
  869 F.2d 879 (5th Cir. 1989) ................................................................5

*Mize v. BMW of N. Am., LLC,*
  No. 19-7, 2021 WL 5979469 (N.D. Tex. Dec. 17, 2021) .......................7

*Nat'l Credit Union Admin. Bd. v. Bear, Stearns & Co., Inc.,*
  No. 12-2781, 2013 WL 4736247 (D. Kan. Sept. 3, 2013) ......................7

*Newby v. Enron Corp.,*
  542 F.3d 463 (5th Cir. 2008) ...................................................... *passim*

*In re Norplant Contraceptive Prods. Liab. Litig.,*
  173 F.R.D. 185 (E.D. Tex. 1997) ....................................................... 10

*Prieto v. John Hancock Mut. Life Ins. Co.*,
　132 F. Supp. 2d 506 (N.D. Tex. 2001)....................................................9

*Roberts v. Allstate Ins. Co.*,
　No. 15-112, 2016 WL 4619287 (S.D. Tex. Sept. 2, 2016) ....................7

*Vaught v. Showa Denko K.K.*,
　107 F.3d 1137 (5th Cir. 1997)..................................................... *passim*

*In re Vioxx Prods. Liab. Litig.*,
　MDL No. 1657, 2007 WL 3334339 (E.D. La. Nov. 8, 2007) ................7

*Wilbourn v. BRG Sports, Inc.*,
　569 F. Supp. 3d 445 (N.D. Tex. 2021)....................................................7

## Statutes

28 U.S.C. § 1291 .......................................................................................1

28 U.S.C. § 1332 .......................................................................................1

# JURISDICTIONAL STATEMENT

The district court had jurisdiction (a) as to both *Ackerman* and *Cruz*, under 28 U.S.C. § 1332(a) because complete diversity existed and the amount in controversy exceeded $75,000.00 at the time of removal; and (b) as to *Ackerman*, under 28 U.S.C. § 1332(d) because *Ackerman* at the time of removal was a mass action in which more than 100 individuals sought monetary relief, minimum diversity of citizenship existed, and the collective amount in controversy exceeded $5,000,000.00. ROA.259–67, 1115–20. The district court entered its order dismissing the cases on December 4, 2024. ROA.1061.

Plaintiffs filed their Notice of Appeal on January 3, 2025. ROA.1071. This Court has jurisdiction under 28 U.S.C. § 1291 because Plaintiffs take this appeal from a final order or judgment that disposed of all parties' claims.

# ISSUE PRESENTED FOR REVIEW

1.    Whether the district court correctly dismissed Plaintiffs' claims as time barred through the application of binding Fifth Circuit precedent holding that a Texas statute of limitations cannot be tolled by the pendency of a class action in federal court.

## STANDARD OF REVIEW

Whether the statute of limitations has run or whether tolling applies is a question of law that this Court reviews de novo. *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008).

## STATEMENT OF THE CASE

The *Ackerman* Plaintiffs filed suit on April 4, 2024, asserting tort-based claims for personal injury and property damage under Texas law. ROA.277–17. The *Cruz* Plaintiffs filed suit on April 9, 2024, asserting similar claims under Texas law. ROA.1130–51. Plaintiffs admit in their pleadings that (1) their causes of action accrued on September 3, 2017; and (2) their claims are all subject to a two-year limitations period under Texas law. ROA.315, 1148–49. To avoid dismissal, however, Plaintiffs pleaded that *Wheeler, et al. v. Arkema Inc.*, No. 17-2960—a *federal* class action pending in the United States District Court for the Southern District of Texas—operated to toll the applicable limitations period, which is governed by *Texas* law. ROA.315, 1148–49.

Arkema timely removed *Ackerman* and *Cruz* to federal court, and Plaintiffs did not move to remand or otherwise challenge federal jurisdiction. ROA.1, 259, 1110, 1130. After granting Arkema's motion to consolidate *Ackerman* and *Cruz*, the district court dismissed Plaintiffs'

2

claims with prejudice as time barred, applying *Newby*, 542 F.3d 463, and *Vaught v. Showa Denko K.K.*, 107 F.3d 1137 (5th Cir. 1997). ROA.1061–1070.

## SUMMARY OF ARGUMENT

Straightforward application of binding precedent calls for the Court to affirm the opinion below. This Court has twice held that Texas law does not recognize cross-jurisdictional tolling, *i.e.*, that Texas courts would not toll a Texas statute of limitations due to the pendency of a class action in a jurisdiction other than Texas state court. *See Newby*, 542 F.3d at 472 ("Texas Courts have not extended" class-action tolling "to allow a federal class action to toll a state statute of limitations."); *Vaught*, 107 F.3d at 1147 (holding "a *federal* class action filed in Texas or any other State" does not "toll a Texas statute of limitations, regardless of the type of claims raised" (emphasis in original)).

This Court's interpretation of Texas law in *Vaught* and *Newby* controls this appeal, because "a prior panel's interpretation of state law has binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong." *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th

Cir. 2000) (internals omitted). Plaintiffs offer no intervening pronouncement of law by Texas state courts since this Court's decisions in *Vaught* and *Newby* (because none exist) and instead make the same policy arguments that this Court considered—and rejected—in *Newby*.

Binding Fifth Circuit precedent compels the conclusion that the Court reject those arguments again and affirm.[1]

## ARGUMENT

### I.  The Court should affirm the district court because a federal class action cannot toll a Texas statute of limitations.

Plaintiffs offer no authority to support their argument that cross-jurisdictional tolling applies to their claims, all of which are governed by a Texas statute of limitations. Their opening brief does not cite any case from any jurisdiction applying Texas law that adopted cross-jurisdictional tolling. And Plaintiffs admit that their claims are time barred absent cross-jurisdictional tolling, as they concede their claims (1) accrued by September 3, 2017; (2) are subject to the two-year limitations period under Tex. Civ. Prac. & Rem. Code § 16.003; and

---

[1] Even if Texas recognized cross-jurisdictional tolling (and it does not), Arkema does not concede that Plaintiffs' claims would have been timely when filed or that all Plaintiffs would have been members of the *Wheeler* putative class. As the district court's decision below did not reach these issues, however, they are irrelevant to this appeal.

(3) were filed in April 2024—more than four years late. ROA.315, 1148–49.

The Court should reject Plaintiffs' arguments as contrary to binding precedent holding that Texas courts would not toll Texas statutes of limitations based on the pendency of a class action in federal court.

***American Pipe* tolling.** Plaintiffs rely heavily on this rule, but it is inapplicable here. The United States Supreme Court in *American Pipe & Construction Co. v. Utah* held that the filing of a class action in federal court suspends the applicable federal statutes of limitations as to all putative class members until (1) class certification is denied, (2) the claims are not being pursued by the class, or (3) the individual member ceases to be a member of the class. *See* 414 U.S. 538, 552–54 (1974). But *American Pipe* is *federal* law that applies to *federal* limitations periods; it does not speak to the limitations period applicable to Plaintiffs' claims, which arises under Texas law.

**Texas's tolling rules apply.** Texas's tolling rules apply to Plaintiffs' claims: A "federal court should apply not only state statutes of limitation but also any accompanying tolling rules." *Vaught*, 107 F.3d at 1145; *see also Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989)

("In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period.").

**Texas does not recognize cross-jurisdictional tolling.** Under Texas law, the pendency of a federal class action—whether filed in a federal court sitting in Texas or any other state—cannot operate to toll a Texas statute of limitations. In other words, Texas does not recognize cross-jurisdictional tolling: A Texas limitations period can only be tolled by the pendency of a class action in a Texas state court. But those same claims are not tolled by the pendency of a class action in any federal jurisdiction or any state jurisdiction other than Texas.

For example, in *Bell v. Showa Denko K.K.*, the Texas Court of Appeals held that a *federal* class action did not operate to toll a *Texas* statute of limitations. 899 S.W.2d 749, 758 (Tex. App. – Amarillo 1995, writ denied). While recognizing that Texas courts have held that a class action pending in Texas state court could, under certain circumstances, operate to toll a Texas statute of limitations, the Court in *Bell* held that applying tolling for the pendency of an action in federal court "would be

an extension not warranted by" Texas law. *Id.* Accordingly, the *Bell* Court "refuse[d] to do so." *Id.*

Applying *Bell* and Texas law, the Fifth Circuit in *Vaught* held that "a *federal* class action filed in Texas or in any other State" would not "toll a Texas statute of limitations, regardless of the type of claims raised." 107 F.3d at 1447 (emphasis in original). More than a decade later, this Court in *Newby* reaffirmed its holding in *Vaught,* writing that "Texas courts have not extended" class-action tolling "to allow a federal class action to toll a state statute of limitations." 542 F.3d at 472.[2]

Therefore, whether Texas courts would recognize cross-jurisdictional tolling is far from "unsettled" in the Fifth Circuit, as Plaintiffs now contend. Opening Br. at 8–9. Rather, as Plaintiffs recognized in their briefing below, "cross-jurisdictional tolling is typically not recognized by Texas as per Fifth Circuit precedents." ROA.859, 1555.

---

[2] Federal district courts sitting in Texas and elsewhere have also consistently held that Texas does not recognize cross-jurisdictional tolling. *See, e.g., Wilbourn v. BRG Sports, Inc.*, 569 F. Supp. 3d 445, 452 (N.D. Tex. 2021); *Mize v. BMW of N. Am., LLC*, No. 19-7, 2021 WL 5979469, at *1 (N.D. Tex. Dec. 17, 2021); *Gregory v. Allstate Ins. Co.*, No. 15-113, 2016 WL 4617404, at *6 (S.D. Tex. Sept. 2, 2016); *Roberts v. Allstate Ins. Co.*, No. 15-112, 2016 WL 4619287, at *6 (S.D. Tex. Sept. 2, 2016); *In re BP plc Secs. Litig.*, 51 F. Supp. 3d 693, 700 (S.D. Tex. 2014); *Nat'l Credit Union Admin. Bd. v. Bear, Stearns & Co., Inc.*, No. 12-2781, 2013 WL 4736247, at *7 (D. Kan. Sept. 3, 2013); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2007 WL 3334339, at *3 (E.D. La. Nov. 8, 2007); *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 722 (S.D. Tex. 2006).

The pronouncements of Texas law in *Vaught* and *Newby* bound the district court's decision below and bind the panel deciding this appeal. The Fifth Circuit is a strict *stare decisis* court, and so "a prior panel's interpretation of state law has binding precedential effect on other panels of this court absent a subsequent state court decision or amendment rendering our prior decision clearly wrong." *Ford*, 230 F.3d at 832 (internals omitted). Plaintiffs offer no intervening state court decision rendering *Vaught* and *Newby* clearly wrong. Quite the opposite— Plaintiffs cite only two Texas state court decisions, *Grant v. Austin Bridge Construction Co.*, 725 S.W.2d 366 (Tex. App. – Hou. [14th Dist.] 1987, no writ) and *Bell* (1995), which both pre-date and were considered by the Court in *Vaught* (1997) and *Newby* (2008). *See* Opening Br. at iv.

Plaintiffs' arguments regarding textualism, fair notice, or the type of claim at issue, *see* Opening Br. at 9–18, are thus irrelevant because they cannot overcome *Vaught* and *Newby*'s binding effect. And, in all events, the very arguments that Plaintiffs now raise were specifically considered and rejected by this Court in *Newby*, 542 F.3d at 472, which the district court here followed, ROA.1067–69.

Plaintiffs rely on *Grant* to argue that Texas courts recognize class-action tolling. Opening Br. at 5, 7–8, 11–14. In so doing, Plaintiffs ignore the import of *Bell*, which was decided after *Grant* and made clear that a *federal* class action does not toll a *Texas* statute of limitations. As the Fifth Circuit in *Newby* recognized, "the Texas court [in *Bell*] did not allow a federal class action to toll the state statute of limitations and made clear that the [Texas] state tolling rule differs from the federal rule." 542 F.3d at472. And "*Grant* does not apply, because that case involved whether a *Texas* class action would toll a Texas individual action." *Id.* (internals omitted and emphasis in original).

Further, *Newby* expressly abrogated *Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F. Supp. 2d 506 (N.D. Tex. 2001), which "surmis[ed] that Texas courts would interpret the class action tolling rule" as "extending to all property damage claims regardless of the forum in which the class action was filed." *Newby*, 542 F.3d at 472 (internals omitted). Plaintiffs describing their claims as property-related thus does nothing to avoid *Vaught* and *Newby*. To the contrary, the Court in *Newby* went out of its way to abrogate a case that adopted Plaintiffs' rationale, *id.*, and the Court in *Vaught* made clear that Texas courts would not

apply cross-jurisdictional tolling "regardless of the type of claims raised," 107 F.3d at 1147.

*Newby* also expressly abrogated a district court's earlier decision in *In re Norplant Contraceptive Prods. Liab. Litig.*, 173 F.R.D. 185 (E.D. Tex. 1997), which held "that a federal class action would toll the [Texas] state statute of limitations when the class action gives the defendant fair notice of the type and potential number of claims against it." *Newby*, 542 F.3d at 472 (internals omitted). Thus, this Court in *Newby* already considered and rejected Plaintiffs' policy-based arguments regarding fair notice and textualism. *Id.* at 471–72 (noting the policy behind *American Pipe* tolling, holding that Texas courts would not recognize cross-jurisdictional tolling, and abrogating a district court decision that held the opposite based on notions of fair notice).

In sum, Plaintiffs offer precisely the arguments that the Fifth Circuit carefully considered—and rejected—decades ago. *See id.* at 472. Plaintiffs offer no reason for this Court to overrule both *Vaught and Newby*. The Court should affirm.

\*        \*        \*

Plaintiffs chose to file their claims more than six years after they accrued, more than four years after the limitations period expired, and more than a decade after *Vaught (*1997) and *Newby* (2008). Plaintiffs seek reprieve from established law by suggesting they waited so long in reliance on the pendency of the federal *Wheeler* class action. But their misguided delay ignored Fifth Circuit precedent established more than 20 years earlier. Plaintiffs' claims are time barred as a matter of law and this Court should affirm the district court's order dismissing them.

## CONCLUSION

For these reasons, this Court should affirm the judgment of the district court.

Dated: April 2, 2025          Respectfully submitted,

/s/ *Thomas E. Birsic*

THOMAS E. BIRSIC
JACKIE S. CELENDER
WESLEY A. PRICHARD
  *K&L Gates LLP*
  *K&L Gates Center*
  *210 Sixth Avenue*
  *Pittsburgh, PA 15222*
  *(412) 355-6258*

MICHAEL L. BREM
  *Schirrmeister Diaz-Arrastia Brem LLP*
  *711 Louisiana St., Suite 1750*
  *Pennzoil Place – South Tower*
  *Houston, TX 77002*
  *(713) 221-2500*

  *Counsel for Defendant-Appellee Arkema Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, I electronically filed the foregoing brief with the Clerk of Court using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that all service will be accomplished via CM/ECF.


Dated: April 2, 2025 /s/ *Thomas E. Birsic*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Appellee certifies that this brief:

(i)    complies with the type-volume limitation of Rule 32(a)(7)(B), because it contains 2,214 words, including footnotes and excluding the parts of the brief exempt by Rule 32(f); and

(ii)    complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6), because it has been prepared using Microsoft Word Enterprise and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Date: April 2, 2025                    /s/ *Thomas E. Birsic*

**CERTIFICATE OF ELECTRONIC COMPLIANCE**

I hereby certify that on April 2, 2025, the foregoing was transmitted to the Clerk of the U.S. Court of Appeals for the Fifth Circuit via the Court's CM/ECF system, and that (1) the required privacy redactions were made pursuant to Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Microsoft Windows Security and is free of viruses.


Date: April 2, 2025                    /s/ *Thomas E. Birsic*